UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH BRUMLEY,

    Plaintiff,

v.

W.G. YATES & SONS CONSTRUCTION
COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, KEITH BRUMLEY ("Mr. Brumley" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA") and for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and the Americans with Disabilities Act of 1990, as amended. *42 U.S.C. § 12101 et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages, and his attorneys' fees and costs.

### JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq. The court also has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 et seq. This Court has supplemental jurisdiction over

Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the FMLA and ADA claims.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Lafayette County, Florida.

4. Plaintiff worked for Defendant in Taylor County, Florida, and the venue, therefore, for this case is the Tallahassee Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

7. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. He was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. He suffered an adverse employment action as a result of his disability or "perceived disability."

8. Defendant was at all material times an "employer" as envisioned by the FCRA and ADA.

## CONDITIONS PRECEDENT

9. Plaintiff, on or about July 3, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant under the ADA and FCRA.

10. On November 19, 2019, the EEOC issued Plaintiff a Notice of Right to Sue; additionally, more than 180 days have passed since the dual filing of Plaintiff's EEOC Charge and his FCRA claims are now ripe for filing.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13. Mr. Brumley worked for Defendant as a Heavy Equipment Mechanic from November 27, 2015, until his termination on September 19, 2018.

14. During his lengthy tenure, Mr. Brumley was an excellent employee and had no significant history of non-ADA/FCRA/FMLA related performance, attendance, or disciplinary issues.

15. Unfortunately, Mr. Brumley suffers from type 1 diabetes, which is a protected disability under the ADA/FCRA, and a serious health condition under the FMLA.

16. Absences related to his serious health condition are protected by the FMLA and the ADA/FCRA.

17. During his employment and prior to his termination, Mr. Brumley notified Defendant's management of his medical condition and need for accommodation and FMLA/ADA/FCRA protection.

18. To that end, during moments of flare-up, Mr. Brumley contacted Defendant's management to inform them that he would be a few minutes late due to a drop in his blood sugar and need to attend to same.

19. Instead of engaging in the interactive process to determine what limitations, if any, Mr. Brumley had in this regard, Defendant ignored his need for reasonable accommodation, in violation of the ADA/FCRA and for entitlement to intermittent leave if necessary under the FMLA.

20. Furthermore, in 2018, Mr. Brumley's doctor diagnosed him with gastroesophageal reflux disease ("GERD"), which also is a protected disability under the ADA/FCRA and a serious health condition under the FMLA.

21. Following his diagnosis, Mr. Brumley notified Defendant's management of same, and that he required surgery for which he requested FMLA leave.

22. Thereafter, Mr. Brumley was approved for continuous FMLA leave for eight (8) weeks beginning June 2018, with his return to work date on August 7, 2018.

23. However, despite the FMLA's protections against interference and retaliation, upon Mr. Brumley's return to work on August 7, 2018, Defendant discriminated/retaliated against, and shortly thereafter, terminated his employment based on his disabilities and use/need for FMLA-protected medical leave.

24. To that end, and upon arriving to work on August 7, 2018, Defendant's Supervisor, Gene Grambling ("Mr. Grambling"), informed Mr. Brumley that he was demoting him from Lead Foreman to Assistant Foreman, without reason or explanation.

25. Immediately, Mr. Brumley objected to this demotion to Manager, Todd Rollerson ("Mr. Rollerson"), and insisted that such a demotion was illegal in violation of the FMLA, ADA and FCRA.

26. Rightfully confused by the action taken against Mr. Brumley, Mr. Rollerson reassured Mr. Brumley that he would "straighten things out."

27. Despite Mr. Rollerson's assurances, however, Mr. Brumley learned that Defendant's decision to demote him stood, and if he didn't like the decision, he could leave the company.

28. Within a short time of this demotion, the newly appointed Lead Foreman, Ronald Payne ("Mr. Payne"), no longer wanted to take late night call-ins, despite same being part of the Lead Foreman's job duties.

29. Accordingly, Defendant's management demanded that Mr. Brumley take the late-night call-ins, despite stripping him of his Lead Foreman duties.

30. As a dedicated and hardworking employee, Mr. Brumley agreed to assist Defendant with the late-night call-ins as directed.

31. On September 19, 2018, just one (1) month after his Mr. Brumley's return to work, Mr. Rollerson terminated Mr. Brumley for attendance concerns due to his medical issues, and for allegedly refusing to work longer hours.

32. Immediately, Mr. Brumley stated that the proffered reasons for his termination were untrue.

33. Furthermore, Plaintiff explained that any attendance concerns were due to his ongoing disabilities and serious health conditions.

34. Defendant's termination of Mr. Brumley stemmed from its discriminatory animus toward his need for and/or use of FMLA leave, and need for accommodation under the ADA/FCRA.

35. The timing of his termination makes the causal connection between his FMLA request and the final adverse action sufficiently clear.

36. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

37. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

38. Also as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing what he believed to be proper and authorized FMLA leave.

39. Defendant acted with intent to demote and then terminate Plaintiff when he should have been, and was, FMLA covered.

40. Defendant demoted and then fired Plaintiff because of his need for FMLA protected time away from work.

41. Defendant interfered with Plaintiff for his attempt to use and/or use of FMLA.

42. Defendant purposefully and intentionally retaliated against Plaintiff for his attempt to use and/or use of FMLA.

43. Defendant did not have a good faith basis for its actions.

44. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

45. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

46. The Defendant was aware of Plaintiff's medical condition and need for accommodation.

47. Defendant, however, being well-aware of Plaintiff's condition, made no effort whatsoever to accommodate Plaintiff as the law required.

48. Plaintiff was terminated as a result of his disability, or the perception of same, by Defendant.

49. Defendant's actions in this regard violate the ADA and FCRA's requirements.

50. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

51. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position.

52. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

53. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

54. Defendant does not have a legitimate non-discriminatory rationale for terminating Plaintiff's employment.

55. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is the member of protected classes as envisioned by the ADA and the FCRA.

56. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-6, 13-18, and 20-44, above.

58. At all times relevant hereto, Plaintiff was protected by the FMLA.

59. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

60. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

61. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

62. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-6, 13-18, and 20-44, above.

64. At all times relevant hereto, Plaintiff was protected by the FMLA.

65. At all times relevant hereto, Defendant retaliated against Plaintiff by demoting and then firing him for his attempted use and/or use of what should have been, FMLA protected leave.

66. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

67. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

68. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

69. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III:
### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

70. Plaintiff realleges and adopts the allegations contained in paragraphs 1-4, 7-20, 24-34, and 45-56 as if fully set forth in this Count.

71. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

72. The discrimination/harassment to which Plaintiff was subjected was based on his

disability and/or "perceived disability."

73. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle his to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

76. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that this Court will:

77. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

78. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

79. Grant Plaintiff a judgment against Defendant for damages, including compensatory, emotional, punitive, and other damages permissible by law;

80. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

81. Provide any additional relief that this Court deems just.

## COUNT IV:

## AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

82. Plaintiff realleges and adopts the allegations contained in paragraphs 1-4, 7-20, 24-34, and 45-56 as if fully set forth in this Count.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

84. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

89. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

90. Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

91. Grant Plaintiff a judgment against Defendant for damages, including compensatory, emotional, punitive, and other damages permissible by law;

92. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

93. Provide any additional relief that this Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of January 2020.

Respectfully Submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*